CONRAD AND WIFE *v.* CLEAVELAND et al.

**Administrator's Settlement.**

> The payments to Conrad and wife, for which the administrator obtained judgment, were made expressly in discharge of their portion as distributees out of the admitted surplus in the administrator's hands. The administrator having made the payment with the means of full knowledge of what was in his hands it is to be presumed that he paid them no more than they were entitled to.

APPEAL FROM PENDLETON CIRCUIT COURT.

June 22, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

It is highly improbable and scarcely credible that the administrator having so small an amount of assets in his hands should have made overpayments to so large an amount as is claimed, and as he gives no reason for having done so, and does not even allege that it was by mistake as to any fact or account, and as, moreover, it is evident that the appellants have not received from him more than as sole distributees they were entitled to out of the proceeds of the real and personal estate after payment of all debts of the decedent, the inference is that some portion of the proceeds of the real estate, the application of which is not fully shown by the record, was in fact applied to the payment of debts, for which the administrator has received credit.

The payments to Conrad and wife, for which the administrator obtained a judgment, were made expressly in discharge of their portion as distributees and, of course, out of the admitted surplus

in his hands, and this was done nearly ten years after a report had been made showing the full amount of debts and the amount of personal assets in the administrator's hands, except about $236 of a claim regarded as desperate at the time of the former report but afterward collected.

The debts of the estate have all been paid. The purchase money for the land seems all to have been paid and the commissioner to whom the sale notes were payable returned them into court, but there is no full account of the appropriation of the proceeds. There must have been a surplus of those proceeds beyond the amount of the debts paid by the administrator out of the personal assets actually in the hands of the administrator, and as the administrator has paid to creditors and distributees more than the amount of personal assets and nearly or quite the additional amount of the surplus from the proceeds of the real estate, we repeat, the inference is that this surplus has inured in some way to his benefit.

The administrator having made the payments to Conrad and wife, with the means of full knowledge of what was in his own hands for their benefit, has not shown that he was in fact ignorant, nor how he could have been so. He has not removed the presumption that he did know and that he paid them no more than was due. If he has not in some way had the benefit of the surplus proceeds of the real estate he is entitled to it, and should look to it wherever it is for reimbursement, rather than to Conrad and wife who have received no more than they were entitled to, and who had a right to suppose he was paying them their own money.

It follows from these views that the judgment of October 20, 1864, against Conrad, was wholly erroneous, and that the judgment of December 13, 1865, modifying the former judgment, is erroneous in not entirely vacating and setting aside the judgment of October 20, 1864, and the proceedings thereon. We are not satisfied that the sum claimed by Conrad and wife in their cross-petition is due — and from the record we cannot say what sum, if any, is due them, and cannot decide that the dismissal of the cross-petition was erroneous.

But for the error above pointed out the judgment of December 13, 1865, is reversed, and the cause remanded with directions to render a judgment vacating the judgment of October 20, 1864, above referred to, and to set aside and annul the subsequent proceedings thereon.